U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 SEP 20   AM 10: 55

CLERK

BY_____ LAW_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MABIOR JOK;

    PLAINTIFF

vs.

CITY OF BURLINGTON, VERMONT;          Civil Action No.:2:19-cv-00070

BRANDON DEL POZO,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF BURLINGTON, VERMONT;     JURY TRIAL DEMANDED

JASON BELLAVANCE,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

JOSEPH CORROW,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR
THE CITY OF BURLINGTON, VERMONT;

DEFENDANTS

## FIRST AMENDED COMPLAINT

### I. JURISDICTION

1.    Jurisdiction of this court is attained pursuant to 28 U.S.C. § 1331, 1343(a), (3) and (4),

and 2201 and is based on causes of action arising under 42 U.S.C. § 1983 and Bivens v. Six

1

Unknown Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed. 2d 619 (1971). Plaintiff further

invokes the pendent jurisdiction of the Court to hear and decide claims arising under Vermont

state law.

## II. PARTIES

2.      Plaintiff MABIOR JOK (hereinafter "MABIOR") was at all times mentioned herein, a

resident of the State of Vermont.

3.      Defendant CITY OF BURLINGTON is a municipality within the State of Vermont and

owns, operates, manages, directs and controls the Burlington Police Department which employs

Defendants JASON BELLAVANCE (hereinafter BELLAVANCE), and JOSEPH CORROW

(hereinafter CORROW).

4.      Defendant BELLAVANCE is, and was at all times mentioned herein, an officer of the

City of Burlington Police Department and acting under color of state law. He is a shift supervisor

with responsibilities for the control, training, supervision and discipline of officers. He

participated in the events described below. He is being sued in his individual and official

capacities.

5.      Defendant CORROW is, and was at all times mentioned herein, an officer of the City of

Burlington Police Department and acting under color of state law. He participated in the events

described below. He is being sued in his individual and official capacities.

6.      Defendant BRANDON DEL POZO (hereinafter (DEL POZO) is, and was at all times

mentioned herein, the chief of police of the Burlington Police Department and acting under color

of state law. He is ultimately responsible for the control, training, supervision and discipline of

officers of the Burlington Police Department. He is being sued in his individual and official capacities.

## III. NATURE OF ACTION

7.      This action is brought by Plaintiff to recover damages which he has suffered, and which he continues to suffer, as a result of, and to declare unconstitutional, certain actions of defendants, who are a municipality, its' police department, local police officers and the chief of police. Defendants acting under color of state law have subjected Plaintiff to an illegal and unwarranted detention and to the unlawful, unreasonable and excessive use of force in effecting that detention.

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION

8.      On September 8, 2018 Plaintiff was standing outside with a group of associates on Main Street in Burlington, Vermont. A conversation became heated attracting the attention of CORROW, who proceeded across Main Street.

9.      CORROW approached MABIOR from outside Mabior's line of sight, without announcing himself or issuing any instructions, and grabbed and slammed him to the ground rendering MABIOR unconscious. The actions of CORROW drew the attention of bystanders.

10.     CORROW's entire interaction with MABIOR is captured on the audio and video of his AXON brand body camera.

11.     A bystander, Matthew Vinci captured via video the aftermath of CORROW throwing MABIOR to the ground rendering him unconscious.

3

12.     Another bystander, Jacob Garrett, captured via video when CORROW grabbed and slammed MABIOR to the ground.

13.     Witnesses can be heard asking CORROW if MABIOR was "alright" and inquiring if he was breathing.

14.     BELLAVANCE arrived and asked CORROW if MABIOR was "out?"

15.     CORROW responded in the affirmative.

16.     CORROW made statements that he had witnessed MABIOR "punch" somebody.

17.     MABIOR was left face down on the ground in a pool of his own blood for nearly a minute before being placed in the recovery position.

18.     BELLAVANCE and CORROW rolled MABIOR on to his side.

19.     CORROW informed BELLAVANCE in reference to MABIOR that "he's fine."

20.     CORROW and BELLAVANCE determined that MABIOR could not walk and left him seated on the ground.

21.     CORROW informed MABIOR that he was "slammed" because of "what you were doing."

22.     MABIOR was spitting up blood in the recovery position.

23.     The actions and discussions of CORROW are sometimes captured on his AXON brand body camera.  Throughout the incident and aftermath CORROW continued to switch the audio of his body camera off numerous times, including when he was describing the incident to responders and care providers.

24.     The actions and discussions of BELLAVANCE are captured on his AXON brand body camera.

25.     Burlington Fire Department arrived and BELLAVANCE left MABIOR.

26.     BELLAVANCE canvassed the scene and interviewed a witness, a black man, who informed BELLAVANCE that MABIOR did not strike anyone. The witness directed BELLAVANCE to the condition of MABIOR. BELLAVANCE then placed a hand on the witness, instructed him to leave a public sidewalk, and then told the witness to "get the fuck out of my way." BELLAVANCE then pushed the witness and moved to speak with other bystanders.

27.     BELLAVANCE spoke to a white witness who identified a man in a Boston Red Sox hat as the assailant.

28.     BELLAVANCE spoke to another witness, Barnah "Alex" Komeyan, also a black man, who stated that MABIOR had not struck anyone. Barnah "Alex" Komeyan stated he was a friend of MABIOR and worried about his condition.

29.     Barnah "Alex" Komeyan also spoke to Burlington Police Department Officer Kelly Schmidt and informed her that MABIOR was trying to break up an altercation.

30.     BELLAVANCE approached a man in a Boston Red Sox hat, again a black man, and placed his hand on that citizen. The man in a Boston Red Sox hat instructed BELLAVANCE to remove his hand, and BELLAVANCE complied. The man in a Boston Red Sox hat informed BELLAVANCE he was leaving and BELLAVANCE continued attempting to converse asking the man in the Boston Red Sox hat if he needed medical attention. Barnah "Alex" Komeyan

informed BELLAVANCE that MABIOR needed medical attention and that he and the man in a Boston Red Sox hat would be leaving.

31.    BELLAVANCE approached witness Matthew Vinci who observed the altercation and video taped the aftermath. Matthew Vinci informed BELLAVANCE he was filming because CORROW "slammed a guy into the ground that wasn't involved in a fight."

32.    MABIOR was initially charged on a two count information alleging one count of disorderly conduct fight and one count of Resisting Arrest.

33.    On April 11, 2019 The State of Vermont dismissed the count of resisting arrest against MABIOR.

34.    The State of Vermont subsequently dismissed the disorderly conduct fight charge against MABIOR.

35.    CORROW's intentional use of excessive force and physical brutality on MABIOR constituted an illegal and unreasonable seizure of Plaintiff.

36.    At no time did MABIOR commit any crime in violation of any local, state or federal law for which an arrest could lawfully have been made.

37.    At no time did MABIOR harass, threaten or resist a lawful arrest in any way, commit any illegal acts, or engage in any conduct which in any way justified the acts of CORROW.

38.    At no time did MABIOR threaten to physically assault CORROW or any other person present.

39.     As a direct and proximate result of the actions of Defendants BELLAVANCE,

CORROW, DEL POZO, and the CITY OF BURLINGTON, MABIOR has suffered injuries and

damages, including, but not limited to:

      a.  Physical injury, treatment of which caused MABIOR to incur medical and

          therapeutic fees and expenses, and associated incidental and consequential costs;

      b.  Emotional trauma;

      c.  Physical and mental pain and suffering;

      d.  Disruption of normal body functioning;

      e.  Humiliation and embarrassment;

40.     Defendant CORROW's intentional use of excessive force and physical brutality on

plaintiff constituted an illegal and unreasonable seizure.

41.     Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with

deliberate indifference to well-established constitutional and civil rights of citizens of the United

States and State of Vermont failed to adequately discipline, train, or otherwise direct or supervise

police officers concerning the rights of citizens and victims, thereby causing police, including

Defendant CORROW to engage in the unlawful conduct described above.

42.     Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with

deliberate indifference to well-established constitutional and civil rights of citizens of the United

States and State of Vermont, failed to properly sanction or discipline police officers, including

Defendant CORROW in this case, for violations of the constitutional rights of citizens and

persons, thereby causing police, including Defendant CORROW to engage in the unlawful

conduct set forth herein.

43.     Defendant CITY OF BURLINGTON, as a matter of policy and practice, has, with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and State of Vermont, failed to sanction and discipline police officers, including the Defendant CORROW in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens and persons by other police officers, thereby causing police, including the Defendant CORROW, to engage in the unlawful conduct set forth herein.

44.     Defendant DEL POZO has with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and State of Vermont, failed to adequately control, train, supervise and discipline police officers under his command, including Defendant CORROW for violations of the constitutional rights of citizens and persons, thereby causing police, including Defendant CORROW to engage in unlawful conduct.

45.     Defendant BELLAVANCE has with deliberate indifference to well-established constitutional and civil rights of citizens of the United States and State of Vermont, failed to adequately control, train, supervise and discipline police officers under his command, including Defendant CORROW for violations of the constitutional rights of citizens and persons, thereby causing police, including Defendant CORROW to engage in unlawful conduct.

46.     As a direct and proximate result of Defendants CORROW, BELLAVANCE, DEL POZO, and the CITY OF BURLINGTON actions, referenced above, all of which were unreasonable, unnecessary, and excessive, and which were undertaken by Defendant CORROW, BELLAVANCE, DEL POZO, and the CITY OF BURLINGTON with gross recklessness and callous indifference to Plaintiff plaintiff's protected constitutional rights, privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments to the United States

8

Constitution, in violation of 42 U.S.C. § 1983 and the laws of the State of Vermont, in particular the right to be free from unlawful seizure.

## V. PLAINTIFF'S SECOND CAUSE OF ACTION

47.    Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

48.    The actions of Defendant CORROW in this case constitute an assault against MABIOR when CORROW threw him to the ground, causing him to strike his face and head and be rendered unconscious without cause or justification.

49.    This Court has pendent jurisdiction to hear and adjudicate said claims.

## VI. PLAINTIFF'S THIRD CAUSE OF ACTION

50.    Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

51.    The actions of Defendant CORROW in this case constitute a battery against Plaintiff by causing unwanted physical contact with Plaintiff when he threw Plaintiff to the ground, causing him to strike his face and head and be rendered unconscious without cause or justification.

52.    This Court has pendent jurisdiction to hear and adjudicate said claims.

## VII. PLAINTIFF'S FOURTH CAUSE OF ACTION

53.    Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

54.    The actions of Defendant CORROW in this case, specifically, throwing plaintiff to the ground, causing him to strike his face and head and be rendered unconscious without cause or justification, constitutes intentional infliction of emotional distress. Defendant CORROW's actions were intentional, extreme and outrageous, and were both the actual and proximate cause of severe emotional distress to Plaintiff.

55.    This Court has pendent jurisdiction to hear and adjudicate said claims.

## VIII PLAINTIFF'S FIFTH CAUSE OF ACTION

56.    Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

57.    The actions of Defendant CORROW in this case, specifically, throwing plaintiff to the ground, causing him to strike his face and head and be rendered unconscious without cause or justification, constitutes gross negligence. Defendant CORROW, as a police officer acting under color of state law, owed plaintiff a duty of care as a citizen and as a potential victim of an assault. Defendant CORROW shoving plaintiff without justification, which resulted in physical injury, pain and suffering, as well as mental and emotional trauma, pain and suffering, to plaintiff, is a gross and reckless breach of his duty of care and the actual and proximate cause of damage to plaintiff.

58.    This Court has pendent jurisdiction to hear and adjudicate said claims.

## IX. PLAINTIFF'S SIXTH CAUSE OF ACTION

59.     Plaintiff hereby realleges and incorporates by reference all prior allegations, as though fully set forth here.

60.     Defendants CITY OF BURLINGTON, DEL POZO, and BELLAVANCE have negligently failed to control, train, supervise and discipline police officers under its and his command, including defendant CORROW, regarding knowledge, recognition, and respect of, and for violations of, the constitutional rights of citizens and persons, thereby causing police, including CORROW in this case, to engage in the unlawful conduct complained of herein.

61.     This Court has pendent jurisdiction to hear and adjudicate said claims.

## X. PLAINTIFF'S SEVENTH CAUSE OF ACTION

62.     PLAINTIFF hereby realleges and incorporates by reference all prior allegations as though fully set forth here.

63.     In 2001, Defendant DEL POZO published an academic article which concludes that racial profiling is an effective law enforcement strategy.

64.     In 2015, The City Council of the CITY OF BURLINGTON, had knowledge of DEL POZO's academic writing prior to the time he was selected as the Police Chief for the CITY OF BURLINGTON.

65.     In spite of the official written policies of Defendant CITY OF BURLINGTON, Defendant DEL POZO has allowed a pattern of behavior to form within the ranks of the Burlington Police Department which encourages the unlawful use of force against minorities.

66.     The pattern of behavior of Defendant CITY OF BURLINGTON is based upon disparate use of force and escalation of force in interactions with white persons and black persons. Specifically, officers identify themselves as law enforcement and issue verbal commands when encountering disorderly situations involving white persons. By contrast, officers fail to identify themselves, act aggressively towards and deploy sudden and overwhelming force, which generally constitutes excessive force in and of itself, when encountering disorderly situations involving black persons.

67.     The implementation of this pattern of behavior which discriminates against MABIOR on the basis of a protected status, in violation of the equal protection clause of the 14th Amendment, is a proximate cause of the injuries and damages suffered by MABIOR.

68.     In the early morning hours of September 9th, 2018, less than 24 hours after CORROW encountered PLAINTIFF, BELLAVANCE approached another black man unannounced and shoved the black man into a brick wall rendering him unconscious. This matter is currently pending before the court as Meli Et. Al. v. City of Burlington Et. Al. No. 2:19-cv-00071.

69.     BELLAVANCE was initially the ranking Police Officer for the Defendant CITY OF BURLINGTON during the incident referenced in paragraph 68, and failed to act in accordance with the written policies of the CITY OF BURLINGTON in furtherance of the pattern of behavior.

70.     This pattern of behavior and the disparate treatment of black persons has created an environment of racial animus and is a proximate cause of the injuries and damages suffered by MABIOR.

71.     Statistics compiled by the CITY OF BURLINGTON show that black persons are

disproportionately represented in the pool of suspects who had force used against them. They are

over represented when compared to both whites and also when compared to other races of people

of color.

72.     In 2012, the Vermont Legislature mandated the adoption of bias-free policing policies.

73.     This Court has pendent jurisdiction to hear and adjudicate said claims.

### XI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request the following relief:

    a.  Compensatory damages;

    b.  Punitive damages;

    c.  An order of this Court declaring the above actions of Defendants to be illegal and

       in violation of Plaintiffs' constitutional, statutory and common law rights;

    d.  Reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and other

       applicable authority;

    e.  Such other and further relief as appears reasonable, necessary, just and

       appropriate.

       Dated at Pittsford, Vermont, this _21st_ day of August, 2019.

Respectfully Submitted,
MABIOR JOK

s/Robb Spenley, Esq.
ROBB SPENSLEY
CHADWICK & SPENSLEY, PLLC
3232 Route 7
Pittsford, VT 05763

(802) 725-8318
robb@chadwicklawvt.com