IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| MABIOR JOK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19–CV–70 |
| | ) | |
| CITY OF BURLINGTON, VERMONT | ) | |
| | ) | |
| BRANDON DEL POZO, | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| OFFICIAL CAPACITY AS CHIEF | ) | |
| OF POLICE FOR THE CITY OF | ) | |
| BURLINGTON, VERMONT | ) | |
| | ) | |
| JASON BELLAVANCE, | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| OFFICIAL CAPACITY AS A POLICE | ) | |
| OFFICER FOR THE CITY OF | ) | |
| BURLINGTON, VERMONT | ) | |
| | ) | |
| JOSEPH CORROW | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| OFFICIAL CAPACITY AS A POLICE | ) | |
| OFFICER FOR THE CITY OF | ) | |
| BURLINGTON, VERMONT, | ) | |
| | ) | |
|     Defendants. | ) | |

## AMENDED ANSWER

NOW COME the Defendants, The City of Burlington, Vermont ("City"), Police Chief Brandon del Pozo ("del Pozo"), Police Officer Jason Bellavance ("Bellavance"), and Police Officer Joseph Corrow ("Corrow") and hereby answers Plaintiff Mabior Jok's Complaint in the above-captioned matter as follows.

### I. Jurisdiction

1. Admitted in part and denied in part. Admitted that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 2201. Denied that this Court has jurisdiction

pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). In addition, Denied to the extent Plaintiff is attempting to create new causes of action, in violation of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).

**II. Parties**

2. Admitted.

3. Admitted except to the extent this allegation suggests that the City of Burlington may be held responsible under a theory of *respondeat superior* or that the City of Burlington violated *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

4. Admitted except to the extent this allegation suggests that Defendant Bellavance may be held responsible under a theory of *respondeat superior* or that he failed to adequately train his officers.

5. Admitted except to the extent this allegation suggests that Defendant Corrow violated any clearly established law.

6. Admitted except to the extent this allegation suggests that Defendant Del Pozo may be held responsible under a theory of *respondeant superior* or that he failed to adequately train his officers.

**III. Nature of Action**

7. Denied.

**IV. Plaintiff's First Cause of Action**

8. Admitted, except to the extent the allegation attempts to downplay Plaintiff's actions on September 8, 2018.

9. Admitted that Defendant Corrow was responding to what he believed to be a life-threatening situation. Denied to the extent the allegation suggests that Defendant Corrow violated any clearly established law.
10. Admitted that part of the arrest was captured on audio and video of Defendant Corrow's body camera. Denied that the entire arrest was captured and denied that the video and audio accurately reflect what Defendant Corrow was perceiving.
11. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.
12. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.
13. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.
14. Admitted, except to the extent this allegation suggests either Defendant Bellavance or Corrow violated clearly established law.
15. Admitted.
16. Admitted except to the extent this allegation suggests that Defendant Corrow did not in fact see Plaintiff punch another individual.
17. Denied.
18. Admitted.
19. Admitted except to the extent this allegation suggests that Plaintiff was not in fact "fine."
20. Admitted except to the extent this allegation suggests that Defendant Corrow or Bellavance violated clearly established law.
21. Admitted except to the extent that this allegation suggests Defendant Corrow violated any clearly established law.
22. Admitted except to the extent that this allegation overstates Plaintiff's injuries and suggests that Defendant Corrow violated clearly established law.

23. Admitted that the body camera footage and audio intermittently cut out. Denied that Defendant Corrow was intentionally switching the audio and video on and off.

24. Admitted that part of the arrest was captured on audio and video of Defendant Bellavance's body camera. Denied that the entire arrest was captured and denied that the video and audio accurately reflect what Defendant Bellavance and/or Corrow were perceiving.

25. Admitted except to the extent that this allegation suggests that Defendant Bellavance violated clearly established law.

26. Admitted that Defendant Bellavance secured the scene for everyone's safety. Denied that Bellavance told a bystander to "get the fuck out of my way," and to the extent this allegation suggests that Defendant Bellavance violated clearly established law. Denied to the extent this allegation suggests Defendant Bellavance was racially motivated in interviewing the black witness and to the extent this allegation suggests Defendant Bellavance harbored a racial animus towards black and brown people.

27. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.

28. Admitted Defendant Bellavance spoke to a Barnah "Alex" Komeyan. Denied to the extent that the allegation suggests that Komeyan was accurately reporting what he saw and to the extent the allegation suggests that any of named Defendants violated clearly established law. Denied to the extent this allegation suggests Defendant Bellavance was racially motivated in interviewing Komeyan and to the extent that allegation suggests Defendant Bellavance harbored a racial animus towards black and brown people.

29. Defendant lacks sufficient knowledge and belief and therefore this allegation is denied.

30. Defendant lacks sufficient knowledge and belief as to whether Defendant Bellavance "approached a man in a Boston red Sox hat." Admitted that Barnah "Alex" Komeyan informed Bellavance that Plaintiff needed medical attention. Denied to the extent that this allegation suggests Mr. Komeyan was accurately reporting that Plaintiff required medical attention or that Mr. Komeyan possessed the required medical knowledge to make such a diagnosis. Further denied to the extent the allegation suggests that any of the named Defendants violated clearly established law. Denied to the extent the allegation suggests Defendant Bellavance harbored a racial animus towards black and brown people.
31. Admitted that Defendant Bellavance approached a Matthew Vinci. Defendant lacks sufficient knowledge and belief about whether Mr. Vinci in fact observed the arrest. Denied that Mr. Vinci was accurately reporting what he saw. Denied to the extent this allegation suggests that Defendant Bellavance violated any clearly established law.
32. Admitted.
33. Admitted except to the extent this allegation suggests that any of the named Defendants lacked probable cause to charge Plaintiff with one count of resisting arrest and to the extent this allegation suggests that any of the named Defendants violated any clearly established law.
34. Admitted except to the extent that his allegation suggests that any of the named Defendants lacked probable cause to charge Plaintiff with disorderly conduct and to the extent this allegation suggests that any of the named Defendants violated any clearly established law.
35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## V. Plaintiff's Second Cause of Action

47. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

48. Denied.

49. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## VI. Plaintiff's Third Cause of Action

50. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

51. Denied.

52. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims.  Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VII.  Plaintiff's Fourth Case of Action

53. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

54. Denied.

55. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims.  Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### VIII.  Plaintiff's Fifth Cause of Action

56. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

57. Denied.

58. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims.  Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

### IX. Plaintiff's Sixth Cause of Action

59. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

60. Denied.

61. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## X. Plaintiff's Seventh Cause of Action

62. Defendant hereby re-answers and incorporates by reference all prior answers, denials, and other responses as though fully set forth here.

63. Admitted that Defendant Del Pozo published an academic article in 2001. Denied to the extent the allegation suggests that Defendant Del Pozo harbors racial animus or bias towards black and brown people.

64. Admitted that the City Council, in 2015, was aware of the article. Denied to the extent that the allegation suggests the City Council did anything wrong or improper in hiring Defendant Del Pozo. Further denied to the extent the allegation suggests Defendant Del Pozo harbors racial animus or bias towards black and brown people. Further denied to the extent the allegation suggests that the City Council harbors racial animus or bias towards black and brown folks.

65. Denied.

66. Denied.

67. Denied.

68. Admitted that another lawsuit involving another officer and different plaintiffs was filed against the City of Burlington. Denied to the extent the allegation suggests the lawsuit has any merit, that the officers involved violated any clearly established law, and to the

extent the allegation suggests any of the officers involved in either lawsuit harbors racial animus or bias towards black and brown folks.

69. Admitted that Officer Bellavance was the ranking Police Officer during the September 9, 2018 incident. Denied as to the remainder.

70. Denied.

71. Denied.

72. Admitted.

73. Admitted that the Court has supplemental jurisdiction, at its discretion, to hear Plaintiff's state law claims. Denied to the extent this allegation suggests Plaintiff has any valid state law claims that require adjudication and over which this Court could exercise supplemental jurisdiction.

## **AFFIRMATIVE DEFENSES**

1. Waiver.

2. Estoppel.

3. Failure to State a Claim upon which relief may be granted.

4. Sovereign immunity;

5. Qualified immunity;

6. Official immunity;

7. Privilege;

8. Failure to adequately allege a violation of a clearly established right.

9. Failure to show sufficient evidence of the existence of a reasonable likelihood of success on the merits to warrant declaratory and injunctive relief.

10. That some or all of the acts or omissions complained of by Plaintiff did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding that deprived Plaintiff of any civil rights.

11. Indemnification.

12. Failure to exhaust administrative remedies.

13. Unavailability of punitive damages.

14. Failure to mitigate.

15. Superseding intervening cause.

16. Defendant reserves the right to add additional affirmative defenses.

## JURY DEMAND

Defendants City of Burlington, Police Chief Brandon del Pozo, Police Officer Jason Bellavance, and Police Officer Joseph Corrow demands trial by jury.

DATED at Burlington, Vermont, this 25th day of September, 2019.

        CITY OF BURLINGTON, POLICE CHIEF BRANDON DEL POZO, POLICE OFFICER JASON BELLAVANCE, AND POLICE OFFICER JOSEPH CORROW

By: */s/ Pietro J. Lynn*
    Pietro J. Lynn, Esq.
    Lynn, Lynn, Blackman & Manitsky, P.C.
    *Counsel for Defendants*
    76 St. Paul St., Suite 400
    Burlington, VT 05401
    (802) 860-1500
    plynn@lynnlawvt.com