IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MABIOR JOK,

    PLAINTIFF,

vs.

CITY OF BURLINGTON, VERMONT,        Civil Actions No. 2:19-CV-70
BRANDON DEL POZO,
JASON BELLAVANCE,
JOSEPH CORROW, and
JANINE WRIGHT

    DEFENDANTS.

### PLAINTIFF'S MOTION TO COMPEL OFFICER JOSEPH CORROW'S MEDIA DISCOVERY

NOW COMES, Plaintiff Mabior Jok, and files this request to compel discovery. Prior to filing this request the parties have spoken and exchanged emails. As a dispute still exists the parties require the Court's involvement. See attached Affidavit of Robb Spensley.

On or about September 1, 2020, Plaintiff provided Defendant City of Burlington with Plaintiff's Second Interrogatories and Requests to Produce to Defendant City of Burlington (Plaintiff's discovery request). Plaintiff requested:

### REQUESTS TO PRODUCE

1. Please produce all Burlington Police Department (BPD) cruiser and/ or body camera footage for any use of force report for which a modified arm bar was employed by

Officer Corrow or another Officer, including but not limited to any footage from BPD incident numbers: 16BU18944, 16BU16546, 16BU1015, 16BU18335, 16BU23925, 16BU33507, and 16BU34774.   Plaintiff is also seeking a copy of any communications or documents related to the aforementioned incidents.

On or about October 16, 2020, Defendant responded (See Exhibit 9):

*Response No. 1: Objection. Overly broad, unduly burdensome, seeks information not relevant to this dispute and not proportional to the needs of the case. This request is unduly broad because it does not contain a time restriction. The Burlington Police Department does not have cruiser cameras. Furthermore, it is not possible to conduct a records search for "modified arm bar" or to search Axon videos in this manner. This request appears to be a fishing expedition on the part of Plaintiff. See Barbara v. Marine Max, Inc., No. 12-CV–368, 2013 WL 1952308, at \*2 (E.D.N.Y. May 20, 2013) ("The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." (citation omitted)). Indeed, body camera footage of other crimes involving different suspects has no bearing on any of Plaintiff's claims, particularly whether excessive force was employed on Plaintiff. See Nehad v. Browder, No. 15-CV-1386, 2016 WL 2745411, at \*5 (S.D. Cal. May 10, 2016) ("This Court concludes that the burden to obtain the footage and recordings of incidents involving the SDPD and individuals other than Decedent outweighs its likely benefit. ... Defendants are not required to provide further responses to these requests to the extent they relate to the SDPD and individuals other than the Decedent.") Further objection as it is hard to see how body camera footage of Officer Corrow and other officers of other crimes Plaintiff was not arrested for are relevant to the claims as raised in his Complaint. See F.R.C.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). In addition, this request asks for information covered by the law enforcement privilege. See MacNamara v. City of New York, 249 F.R.D. 70, 78–79 (S.D.N.Y. 2008). To the extent any of the documents requested by Plaintiff would result in the disclosure of law enforcement "techniques and protocols" or would "jeopardize future criminal investigations," those documents have been withheld. See Commw. of Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007); United States v. Winner, 641 F.2d 825, 831 (10th Cir.*

*1981) ("[The] law enforcement privilege is based primarily on the harm to law enforcement efforts which might arise from public disclosure of investigatory files."). Because this request asks for information completely unrelated to Plaintiff's claims, Defendant will not produce the body camera footage involving other individuals. See Nehad v. Browder, 2016 WL 2745411, at *5.*

Following the above exchange, the parties have communicated further and Plaintiff has narrowed his request significantly, requesting any and all video footage from the specifically listed incidents: 16BU18944, 16BU16546, 16BU1015, 16BU18335, 16BU23925, 16BU33507, and 16BU34774.

Each of the above incidents has been identified as an occasion where Defendant Officer Joseph Corrow used force on a subject while on duty. Plaintiff understands that Defendant has the videos for the specific incidents, has reviewed the videos, but refuses to disclose them.

MEMORANDUM OF LAW

As this Court notes "The Supreme Court has broadly construed the scope of discovery "to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on" the claims or defenses, and that is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). Discovery is neither limited to the issues raised by the pleadings, nor to the merits of a case." *Jenkins v. Miller*, 2:12-cv-184 entry order Doc. 361 dated 10/29/19, D. Vermont 2019 citing *Oppenheimer*, 431 U.S. at 351.

"A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26 Advisory Committee's Note (2015).

"Once a party requesting discovery has satisfied this threshold burden, the party resisting

3

discovery must show specific facts demonstrating that the discovery is irrelevant or disproportional under Fed. R. Civ. P. 26(b)(1)." *Jenkins* citing *McKissick v. Three Deer Ass'n Ltd. P'ship*, 265 F.R.D. 55, 56-57 (D. Conn. 2010).

## ARGUMENT

Defendants cite both Relevance and the Law Enforcement privilege as the basis for their objection. Plaintiff believes these are an improper basis for continuing to withhold these materials in turn. Plaintiff has significantly reduced the scope of his discovery request to a handful of incidents. Plaintiff believes that these incidents depict events that are relevant to claims and defenses.

First, Plaintiff believes that the requested materials reinforce that the "modified arm-bar" is a catch all term employed by Officer Corrow for any take down he uses that departs from his training, that the modified arm bar is generally unsafe to use, and that the City failed to adequately supervise or retrain Officer Corrow. Among the overlapping theories of liability that the Defendants are exposed to, Plaintiff seeks to show that Corrow's departure from his training was not a one time occurrence as discussed in *Oklahoma City v. Tuttle*, 471 US 808 (1985). This is a step in meeting Plaintiff's burden under *Canton v. Harris*, 489 US 378 (1989) in showing a policy of constitutional violations arising from the indifference of the Defendants. Plaintiff, believes with access to the details contained within the above referenced body camera footage and incident reports, it will be shown that Officer Corrow was consistently departing from his training in the manner he used force for a significant period of time, that leadership of the Burlington Police Department allowed Officer Corrow to train other officers in spite of these deficiencies (see Exhibit 1), and that the injuries suffered by Plaintiff when his face hit the

sidewalk were a direct result of the City of Burlington's policy with regard to Officer Corrow's Use of Force. Indeed the City of Burlington's published training materials indicate that verbal commands are very important to de-escalating a fight and officers are taught that targeting of the face and head is to be avoided whenever possible due to the risk of injury to the subject of force. (See Exhibit 10).

Second, these incidents are directly related to defenses that Defendants themselves have raised to Plaintiff's Racial animus claims. In the Defendant's Motion for Summary Judgement it was argued that Plaintiff cannot prevail on a disparate treatment claim because he did not identify similarly situated individuals. See ECF Document 78 Page 41. Without conceding or revisiting any previously argued points, Plaintiff believes that he has identified similarly situated individuals in the above referenced incident numbers. (See Exhibits 2 through 8) These are all situations where Defendant Officer Corrow either employed a "modified arm bar" or intervened in a fight in progress, sometimes both. (See Exhibit 3 and Exhibit 4).

As to the argument that Law Enforcement Techniques or sensitive information is at stake and thus the Law Enforcement Privilege should apply are unconvincing to Plaintiff for the following reasons. First, "the law enforcement privilege is a *qualified privilege*, not an absolute privilege…"(Emphasis in the original) *In re The City of New York*, 607 F. 3d 923, 940 (2010). Second, and more importantly, criminal informants, undercover officers, or undercover investigative tactics are not at issue as required for the privilege to apply as contemplated by *In re The City of New York*, at 944. The remaining theories which implicate the law enforcement privilege are the very broad "law enforcement techniques and procedures" or the privacy of individuals involved in an investigation. See *Id.* at 944. To the claim that law enforcement techniques and procedures are at risk, these incidents are generally occurring on public streets in

full view of the general public. Additionally, redacted video of police interactions are available to the public for inspection. See *Doyle V. City Of Burlington Police Dept.*, 219 A. 3d 326 VT (2019). Generally, it is hard to see what police techniques and procedures could be gleaned from these videos that could not be learned by members of the public observing the police. As to the privacy of individuals involved in an investigation, Plaintiff knows about the individuals because the defendants have produced the use of force reports where he learned of these incidents and he has filed these materials with the court in his reply to Defendant's Motion for Summary Judgement. To the extent that Defendant is motivated by privacy concerns for individuals involved in the investigation the Plaintiff would stipulate to an order requiring that these documents be held by Plaintiff on an attorney's eyes only basis until trial.

CONCLUSION

Plaintiff believes that he has shown that the requested materials are sufficiently narrow in scope and directly related to the claims and defenses in the case to require their disclosure. Plaintiff believes that he will be able to show that Officer Corrow consistently departed from his training in how to use force and the City of Burlington reasonably could be expected to know that Officer Corrow was doing so but failed to act. Additionally, Plaintiff believes that the "class of one" defense raised by the Defendant's in their summary judgement motion will be undermined by an exploration of the use of force against other similarly situated individuals. Finally, the Law Enforcement privilege does not cover these documents and the Defendants cannot meet the burden of showing that it does on the basis of what these materials are known to contain.

Last, Plaintiff is agreeable if the Defendant wishes to have an extension to respond to this motion, which was filed on the eve of the Christmas holiday.

WHEREFORE, Plaintiff respectfully requests that the Court compel Defendant to produce the videos as requested.

DATED at Pittsford, Vermont, this 15th day of December, 2020.

**MABIOR JOK**

                                          By:  /S/ Robb Spensley
                                                    Robb Spensley, Esq.
                                                    Chadwick & Spensley, PLLC.
                                                    *Counsel for Plaintiff*
                                                    3232 Rte 7
                                                    Pittsford, VT 05763
                                                    Phone: 802-725-8318
                                                    robb@chadwicklawvt.com