IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MABIOR JOK, </br>             Plaintiff, </br></br> v. </br></br> CITY OF BURLINGTON, VERMONT </br></br> BRANDON DEL POZO, </br> INDIVIDUALLY AND IN HIS </br> OFFICIAL CAPACITY AS CHIEF </br> OF POLICE FOR THE CITY OF </br> BURLINGTON, VERMONT </br></br> JASON BELLAVANCE, </br> INDIVIDUALLY AND IN HIS </br> OFFICIAL CAPACITY AS A POLICE </br> OFFICER FOR THE CITY OF </br> BURLINGTON, VERMONT </br></br> JOSEPH CORROW, </br> INDIVIDUALLY AND IN HIS </br> OFFICIAL CAPACITY AS A POLICE </br> OFFICER FOR THE CITY OF </br> BURLINGTON, VERMONT, </br></br> JANNINE WRIGHT, </br> INDIVIDUALLY AND IN HER </br> OFFICIAL CAPACITY AS A </br> POLICE OFFICER FOR </br> THE CITY OF BURLINGTON, </br> VERMONT, </br></br>             Defendants. | Civil Action No. 2:19–CV–70 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

NOW COMES the Defendants, The City of Burlington, Vermont ("the City" or "Burlington"), former Police Chief Brandon del Pozo ("del Pozo"), Sergeant Jason Bellavance ("Bellavance"), Police Officer Joseph Corrow ("Corrow"), and former Deputy Chief Jannine

Wright ("Wright") and hereby opposes Plaintiff's motion to compel. In support of this opposition, Defendants submit the following Memorandum of Law.

## Memorandum of Law

Plaintiff's motion to compel is neither warranted by the law nor the facts of this case. As noted in Plaintiff's opening brief, Plaintiff is seeking the body cam footage for seven unrelated incidents involving Officer Corrow and seven other individual defendants. (Plt.'s Mot. to Compel at 3, ECF No. 177.) While discovery is broad, and is "neither limited to the issues raised by the pleadings, nor the merits of the case," *Jenkins v. Miller*, No. 12–CV–184, 2020 WL 5105183, at *2 (D. Vt. Aug. 31, 2020) (slip copy) (Sessions, J.), it is not limitless. *Lewis v. Bellows Falls Congregation of Jehovah's Witnesses, Bellows Falls, Vermont, Inc.*, No. 14–CV–205, 2016 WL 589867, at *2 (D. Vt. Feb. 11, 2016) ("The federal rules were recently revised to include the requirement that the discovery be 'proportional to the needs of the case'" (citing F.R.C.P. 26(b)(1))) (Murtha, J.). It is Plaintiff's burden of establishing that discovery related to the body cam footage of these seven unrelated incidents is relevant to his claims. *Milan v. Sprint Corp.*, No. 16–CV–4451, 2018 WL 1665690, at *3 (E.D.N.Y. Apr. 6, 2018) ("[T]he party seeking discovery bears the burden of initially showing relevance." (quotation omitted)); *Barbara v. Marine Max, Inc.*, No. 12–CV–368, 2013 WL 1952308, at *2 (E.D.N.Y. May 20, 2013) ("The party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." (citation omitted)). Plaintiff has not met this burden – accordingly, his Motion to Compel must be denied.

## Argument

In order to hold the City of Burlington liable under 42 U.S.C. § 1983, for the alleged use of force by Officer Corrow, Plaintiff needs to prove three elements: "(1) an official policy or

custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 297 (2d Cir. 2020) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). "[A] municipality cannot be made liable [under § 1983] by application of the doctrine of respondeat superior . . . but rather the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Id*. (citations omitted).

Plaintiff's theory of liability, which has been generally murky, appears to be that the City may be held liable because it was on notice that Officer Corrow was engaging in modified arm bar takedowns, which were allegedly neither warranted by Officer Corrow's training nor allowed under the City's use of force policy. (Plt.'s Mot. to Compel at 4, ECF No. 177.) He appears to be arguing that the City should have known that Officer Corrow was allegedly engaged in these improper takedowns and that its failure to take action is sufficient to find the City liable under Monell. (*Id*. at 4–5.) He believes that the discovery he is seeking will show that the city tacitly knew that Officer Corrow was consistently deviating from his training to the detriment of would-be plaintiffs, like himself. (*Id*.)

It is true that under *Monell* "[o]fficial municipal policy includes the decisions of a government's lawmakers, the facts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law," *Connick v. Thompson*, 563 U.S. 51, 61 (2011). However, where a plaintiff is attempting to establish liability under a "policy of inaction," *id*. at 61–62 (quoting *City of Canton v. Harris*, 498 U.S. 378, 395 (1989) (O'Connor, J., concurring in part and dissenting in part)), the plaintiff must show that the subordinate municipal employee's conduct was "so manifest as to imply the constructive acquiescence of senior policy-making officials." *Sorlucco v. N.Y.C. Police Dep't*, 971 F.2d 864, 870–71 (2d Cir.

1992). This requires "sufficient instances of tolerant awareness by supervisors of abusive conduct to support an inference that they had a policy, custom, or usage of acquiescence in such abuse." *Jones v. Town of East Haven*, 691 F.3d 72, 82 (2d Cir. 2012).

The problem with Plaintiff's argument and why he is not entitled to the body cam footage for these incidents is that none of them were reported to the Burlington Police Department. That is, none of the individuals involved in those actions complained to the Burlington Police Department that Officer Corrow used excessive force or otherwise deviated from his training. Indeed, none of the individuals filed any complaint with the BPD based on those incidents. Plaintiff knows this since Officer Corrow's entire employment file and complaint history has been provided to Plaintiff.

What Plaintiff is attempting to do is use these incidents to argue that the City/BPD *should* have been on notice. Unfortunately for Plaintiff, unless there is a history of complaints associated with those incidents, which there is not as Plaintiff knows, there cannot be the required notice to the City/BPD that would open them up to liability. *Compare Lucente* 980 F.3d at 302–304 (holding there was sufficient evidence to preclude summary judgment in 1983 action against county where evidence showed that lower-level employees and inmates themselves had made several complaints against an officer regarding sexual misconduct that went unanswered and unaddressed by the county) *with Jones*, 691 F.3d at 82–85 (in 1983 action predicated on the shooting of an unarmed black man by East Haven Police Department, holding evidence was insufficient as a matter of law to hold town liable where plaintiff presented six incidents involving one of the officers, stating that "[n]otwithstanding Plaintiff's showing of some instances of abusive conduct by a few officers, Plaintiff failed to put forth evidence that can justify imposition of liability on the municipality"). Plaintiff is simply trying to cherry-pick

incidents involving Officer Corrow to argue for liability he cannot meet. The City should not have to bear the burden of producing this footage where Plaintiff has not met his burden of establishing that the discovery he is seeking is relevant to the claims presented in this case.

Plaintiff's second argument for production, i.e., that these incidents will be used to show that other, similarly situated individuals were treated differently than plaintiff, fails as well. As Plaintiff admits in his filing, these other incidents all involved the same takedown technique as utilized against Plaintiff. (Plt.'s Mot. to Compel at 4, ECF No. 177.) "A showing that the plaintiff was treated differently compared to others similarly situated is a 'prerequisite' and a 'threshold' to a selective treatment claim." *Wright v. NYPD Officer Michael Marietta*, No. 14–CV–8976, 2016 WL 482973, at *3 (S.D.N.Y. Feb. 5, 2016) (quoting *Mosdos Chofetz Claim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 692 (S.D.N.Y. 2011)). Plaintiff admits that the incidents he is seeking all involve the same takedown technique. (Plt.'s Mot. to Compel at 4, ECF No. 177.) It is thus unclear why the City should have to undergo the time and expense of producing this material when it is largely a fishing expedition outside the bounds of Plaintiff's claims.

## Conclusion

Plaintiff has not met his burden of establishing that the material he is seeking is relevant to his claims and defenses. Given the volume of documents and material already produced to Plaintiff, this appears to be a fishing expedition to drum up evidence that, even if produced, would not entitle Plaintiff the relief he is seeking. The Court should deny the motion to compel.

DATED at Burlington, Vermont, this 11th day of January, 2021.

        CITY OF BURLINGTON, POLICE CHIEF BRANDON DEL POZO, POLICE OFFICER JASON BELLAVANCE, POLICE OFFICER JOSEPH CORROW, AND POLICE OFFICER JANNINE WRIGHT

By:   */s/ Pietro J. Lynn*
      Pietro J. Lynn, Esq.
      Barbara R. Blackman, Esq.
      Lynn, Lynn, Blackman & Manitsky, P.C.
      *Counsel for Defendants*
      76 St. Paul St., Suite 400
      Burlington, VT  05401
      (802) 860-1500
      plynn@lynnlawvt.com
      bblackman@lynnlawvt.com