UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MABIOR JOK,                        )
                                   )
          Plaintiff,               )
                                   )
          v.                       )    Case No. 2:19-cv-70
                                   )
CITY OF BURLINGTON, VERMONT,       )
BRANDON DEL POZO, JASON            )
BELLAVANCE, JOSEPH CORROW,         )
and JANNINE WRIGHT,                )
                                   )
          Defendants.              )

## OPINION AND ORDER

Pending before the Court are Defendants' motions to exclude potential testimony.  The first motion (ECF No. 89) seeks to exclude the testimony of Andrew McFarlin and Elaine McCrate. Because Plaintiff has agreed not to call McCrate as a witness, that portion of the motion is **denied as moot**.  Defendants also moved to limit certain medical testimony, but the parties report an agreement on that point as well.  Accordingly, that portion of the motion is also **denied as moot**.  The papers discuss potential testimony by Dr. Stephanie Seguino, but there is no formal motion to exclude before the Court.  Defendants' most recent motion seeks to exclude certain testimony by witness Nancy Stetson.  (ECF No. 171).

For the reasons set forth below, the motion to exclude McFarlin as a witness is **granted**, the motion to exclude certain

testimony by Stetson is also **granted**, and both motions are subject to limited reconsideration as discussed herein.

## I.   Andrew McFarlin

Andrew McFarlin was the prosecutor in Plaintiff Jok's criminal case, and has offered an opinion as to whether Jok resisted arrest.  Defendants argue that McFarlin's disclosure was untimely, citing the deadline for expert reports on February 24, 2020.  McFarlin was disclosed as an expert on April 23, 2020, but he will not be creating a report.  Pursuant to Local Rule 26(a)(2)(D), absent a stipulation or court order, expert disclosures must be made at least 90 days before the trial-ready date.  The current trial-ready date is February 1, 2021. McFarlin's designation satisfied the deadline under Rule 26.

McFarlin's proposed testimony centers on a motion *in limine* he filed in Jok's state court criminal case.  The motion set forth McFarlin's legal opinion that Jok did not resist arrest, and explains that the State was therefore dismissing that count. The motion also opines that any claim of excessive force on the part of the arresting officer would be irrelevant to the remaining disorderly conduct charge.  Plaintiff's expert disclosure states that McFarlin will testify about "the lack of legal basis for Joseph Corrow's actions in assaulting and arresting Mabior Jok as well as the decisions [sic] to cease the prosecution of Mabior Jok."  ECF No. 77.

In addition to their timeliness objection, Defendants argue that McFarlin's proposed testimony would be irrelevant and would usurp the role of the jury on the question of excessive force. Although McFarlin's motion offered no opinion about excessive force, a reasonable juror might deem his opinion of Jok's level of resistance as relevant to Officer Corrow's response.  The Court agrees with Defendants that such testimony would "trespass on the province of the jury." *Fiataruolo v. United States*, 8 F.3d 930, 941 (2d Cir. 1993).  McFarlin's opinion was based upon his review of certain evidence, none of which has been admitted in this case.  If and when that evidence is admitted, a jury will determine the facts relevant to the question of excessive force.  McFarlin's conclusion, and in particular his legal conclusion about any crime of resisting arrest, would not be permitted.  *See United States v. Articles of Banned Hazardous Substances*, 34 F.3d 91, 96 (2d Cir. 1994) ("It is a well-established rule in this Circuit that experts are not permitted to present testimony in the form of legal conclusions.").

Plaintiff submits that in their previously-filed motion for summary judgment, Defendants stated that the charge of resisting arrest was dismissed as the result of a global settlement after Jok completed drug court, and not for the reason (lack of evidence of resistance) set forth in McFarlin's motion *in limine*.  If Defendants make that same assertion again, either at

3

summary judgment or at trial, the Court may allow consideration of the motion *in limine* for the limited purposes of impeachment or clarifying the record.  The motion to exclude McFarlin's testimony is otherwise **granted**.

## II.  Nancy Stetson

Defendants have also moved to exclude Nancy Stetson, a statistician, as an expert witness (ECF No. 171).  Stetson is a City of Burlington employee who provided statistical data used in drafting the City's use of force reports.  Defendants assert that Stetson merely compiled the data, and that her testimony would necessarily be limited to that compilation process.

Plaintiff argues that Stetson has interpreted the data she compiled, and that counsel should be allowed to ask her about her interpretations.  Defendants' counsel asserted at the motion hearing that Stetson will say she is not qualified to interpret the data.  If Stetson testifies as Defendants' counsel expects, the parties may not ask her any questions beyond her professed area(s) of expertise.  Even if Stetson has rendered an interpretation in the past, any opinions beyond her expertise will not be allowed as evidence and may not be the subject of questioning.  That said, if Plaintiff has a good faith basis for asserting that Stetson is qualified to render an opinion, he may seek reconsideration of this ruling.

Defendants' motion is therefore **granted** insofar as Stetson may not testify beyond her expertise.  Plaintiff's request for attorney's fees on the motion is denied.

### III. Stephanie Seguino

Defendants have asked the Court to exclude testimony from Dr. Stephanie Seguino, whom Plaintiff reportedly expects to call as a non-report expert witness and fact witness.  Seguino is expected to offer testimony about police conduct in Vermont, specifically with respect racial disparities in traffic stops.

There is no motion before the Court with respect to Seguino's testimony.  Instead, the parties have expressed their positions in the context of procedural motions (ECF Nos. 81, 82, 86), and more recently in a reply and sur-reply to other motions (ECF Nos. 102, 169).  The debate about Seguino's reports and testimony appears center on the relevance of traffic-stop data to Plaintiff's excessive force and *Monell* claims.  In the absence of a specific motion, and given that the relevance objection may be made in a motion *in limine*, the Court will not bar Seguino's testimony at this stage in the case.

### IV.  Conclusion

For the reason set forth above, Defendants' first motion to exclude (ECF No. 89) is **granted in part and denied in part**, and second motion to exclude (ECF No. 171) is **granted** to the extent that Nancy Stetson may not testify beyond her expertise.

DATED at Burlington, in the District of Vermont, this 10th day of February, 2021.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge