```
                      UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT

MABIOR JOK,                      )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    Case No. 2:19-cv-70
                                 )
CITY OF BURLINGTON, VERMONT,     )
BRANDON DEL POZO, JASON          )
BELLAVANCE, JOSEPH CORROW,       )
and JANNINE WRIGHT,              )
                                 )
        Defendants.              )
```

## OPINION AND ORDER

Pending before the Court is Plaintiff's motion for reconsideration of the Court's prior ruling with respect to potential testimony from City of Burlington employee Nancy Stetson.  Stetson is a data analyst who compiled data for the Burlington Police Department ("BPD"), some of which was reportedly used by former Police Chief Brandon del Pozo in drafting reports.  The Court ruled previously that Stetson may not testify beyond her expertise.  Plaintiff now moves for reconsideration, arguing that Defendants will construe the Court's ruling as severely limiting the scope of Stetson's deposition testimony.  The Court now grants the motion for reconsideration in part and supplements its prior ruling such that Stetson may testify about anything she has written previously that is within her expertise.

Defendants previously moved to limit Stetson's testimony to her acts of collecting and disclosing data to the BPD. Plaintiff opposed the motion, arguing that Stetson should be allowed to testify about her interpretations of that data, as set forth in her internal emails and memos.  Those emails and memos included data on the number of traffic stops by the BPD annually, the number of searches, search breakdowns by race, and use of force statistics for each officer.  ECF Nos. 175-2, 198-11.  Stetson also appears to have compared the BPD's data to the rest of the State of Vermont and to the United States as a whole.  ECF No. 175-5.

At a hearing on the prior motion, Defendants' counsel represented to the Court that Stetson will testify that she is not qualified to interpret the data.  The Court subsequently ruled that "[i]f Stetson testifies as Defendants' counsel expects, the parties may not ask her any questions beyond her professed area(s) of expertise.  Even if Stetson has rendered an interpretation in the past, any opinions beyond her expertise will not be allowed as evidence and may not be the subject of questioning."  ECF No. 189 at 4.  The Court further ruled that if Plaintiff has a "good faith basis for asserting that Stetson is qualified to render an opinion, he may seek reconsideration of this ruling."  Id.

Plaintiff now moves for reconsideration, arguing that Stetson is qualified to analyze the data. Plaintiff notes that Stetson holds a Master's degree in Public Policy, that her Curriculum Vitae lists her position with the City of Burlington as "Crime Data Analyst," and that she has spoken publicly about "trends" in the BPD's use of force data. ECF No. 198 at 4. Plaintiff asks the Court for clarification as to whether counsel may ask Stetson about her professional qualifications, as well as any "proffers of expertise, or lack thereof, and the basis for these proffers." *Id.* at 2. Defendants' counsel continues to argue that Stetson's testimony should be limited to "how she compiled the data that appears in the use of force reports," and the "mathematical calculations she performed in connection with the use of force reports." ECF No. 200 at 7.

The Court will reconsider its prior ruling, in part because it invited the motion for reconsideration and finds that Plaintiff seeks clarification in good faith. Upon reconsideration, the Court reasserts its initial ruling: Stetson may testify within her area(s) of expertise about the data she collected and reported to the BPD. The scope of her testimony must focus on the data itself. That said, her testimony may include any of her previous writings, including explanations of what the data is saying. For example, if the numbers show a difference in arrest rates by race, Stetson may testify that

3

there is indeed a difference as long as she is qualified to do so.  *See* Fed. R. Evid. 702.  If that difference is higher or lower over a period of consecutive years, Stetson may confirm that the numbers indicate a trend.  In other words, if Stetson is qualified, she may provide testimony that extends beyond merely how she compiled the data and her mathematical calculations.

While Defendants have proffered that Stetson is not an analyst capable of interpreting data, and that she will testify to that fact, her expertise is a matter for the Court to determine.  *See, e.g., Pineda v. Ford Motor Co.*, 520 F.3d 237, 245, 244-245 (3d Cir. 2008) (trial court erred by finding plaintiff's expert was not qualified to testify, relying primarily on his statement that he did not offer himself as an expert; looking beyond this single statement, expert's formal qualifications were relevant and "unassailable").  The Court is also sensitive to the fact that as an employee of the City of Burlington, Stetson may be designated as an expert but may not formally serve as such for the Plaintiff.  Indeed, Stetson is primarily a fact witness testifying about data that has been collected for the BPD.  Her testimony must be limited to those facts and any analysis thereof that is within her expertise.

Accordingly, the motion for reconsideration is **granted in part**, and the Court's prior ruling with respect to the scope of

4

Nancy Stetson's testimony is **affirmed** as supplemented above.  To the extent that Plaintiff's motion seeks additional relief, the motion is **denied**.

DATED at Burlington, in the District of Vermont, this 24th day of August, 2021.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
